DAVID C. SHONKA
Acting General Counsel
JANET AMMERMAN
CA Bar No. 113996; jammerman1@ftc.gov
CHRISTINE M. TODARO
OH Bar No. 0084976; ctodaro@ftc.gov
DANIEL O. HANKS
DC Bar No. 495823; dhanks@ftc.gov
600 Pennsylvania Ave. NW, CC-8528
Washington, D.C. 20580
Tel:  (202) 326-2222 / Fax:  (202) 326-3395
LAURA SOLIS
WA Bar No. 36005; lsolis@ftc.gov
915 Second Ave., Suite 2896, Seattle, WA 98174
Tel:  (206) 220-4544 / Fax:  (206) 220-6366

Local Counsel
BARBARA CHUN
CA Bar No. 186907; bchun@ftc.gov
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Tel: (310) 824-4343 / Fax: (310) 824-4380

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

HERBALIFE INTERNATIONAL OF
AMERICA, INC., a corporation;

HERBALIFE INTERNATIONAL, INC.,
a corporation; and

Case No. 2:16-cv-05217-CAS-GJSx

PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE OF
RELATED CASES

(LOCAL RULE 83-1.3.1)

1

HERBALIFE, LTD., a corporation,

Defendants.

Plaintiff, the Federal Trade Commission (the "Commission" or "FTC"), hereby submits its  response to the Notice of Related Cases filed by Defendants, which contains numerous inaccuracies.

## SUMMARY

Defendants argue that this federal law enforcement action should be reassigned as related to the class action *Bostick v. Herbalife* on the basis that the two matters purportedly involve similar relief, involve a risk of double recovery, and involve similar facts and claims.

Contrary to Defendants' assertions, the instant case involves different statutes and causes of action and vastly different relief compared with the 2013 class action *Bostick v. Herbalife*, Case No. 13-cv-02488-BRO-SH.  Furthermore, there is no likelihood that the same distributors who were members of the *Bostick* class could obtain a double recovery under the stipulated settlement agreement in the instant case.  Finally, although the *Bostick* case was pending before Judge O'Connell for approximately 18 months prior to the filing of the settlement agreement, the issues litigated during that time (*e.g.,* whether the initial *Bostick* complaint stated claims under California law and RICO) are not issues in the instant case.

## I.    The Instant Law Enforcement Action Is Brought Under the Federal Trade Commission Act, 15 U.S.C. § 45(a), and Involves Vastly Different Relief from the *Bostick* Settlement

The instant law enforcement action, which is brought under the Federal Trade Commission Act, 15 U.S.C. § 45(a), does not involve any of the class action issues present in *Bostick*, nor does it involve the statutes at issue there (RICO and California state law).  More importantly, the relief obtained in the instant case is

vastly different in nature from the relief granted in *Bostick*.  There is little overlap and no reason whatsoever to anticipate "potential conflict" between *Bostick* and the proposed order here.

The provisions that Defendants refer to as providing injunctive relief in *Bostick* comprise approximately two pages of the Stipulation of Settlement.[1]  These two pages involve thirteen provisions concerning "corporate policies" (Sections 5.1.3. through 5.1.15), but at least nine of the thirteen "corporate policy" provisions simply involve promises to continue existing policies, and one merely promises to "clarify" an existing policy.  The only provisions requiring any kind of change to Defendants' corporate policies (Sections 5.1.11, 5.1.12, and 5.1.15) all deal with the membership application and agreement, and there are no comparable provisions in the proposed order in the FTC's case.[2]

In contrast, the crux of the FTC settlement is the injunctive relief, which requires sweeping changes to the core of Defendants' business.  This injunctive relief is set forth in twenty-nine pages of extensive and detailed provisions of the instant proposed order.  The requirements of Section I are themselves so far-reaching that, to allow Defendants sufficient time to retool their U.S. operations, those provisions would not become effective until ten months after entry of the order.  See Dkt. 3-1, Sec. XIII.

More specifically, Section I.A requires the fundamental restructuring of Herbalife's business opportunity from one that is based on *wholesale purchases* of

---

[1] Although Defendants' Notice repeatedly refers to a "*Bostick* Injunction," Dkt. 11 at 4, it does so without identifying a specific document, and the docket in that matter does not reflect the entry of a permanent injunction.  *See* 2:13-cv-02488-BRO-SH.  The Commission assumes that Defendants' statements concerning a "*Bostick* Injunction" refer to the *Bostick* Stipulation of Settlement.

[2] Contrary to Defendants' assertion, the five items cited in their Notice (Dkt. 11 at 3–4) by no means cover "precisely the same areas" as provisions in the proposed order.  For example, Section III of the FTC order does not mandate any "disclosures from Herbalife to its distributors."  Dkt. 11 at 4.  The other items cited are ancillary to the core of the FTC's order, as discussed *infra*.

product to one that is based on *retail sales* of product.  To accomplish this, Defendants must, among other requirements,

- create a new category of membership for individuals who are interested in simply buying product without participating in a business opportunity (Section I.B);
- collect information about retail sales made to customers (Section I.C);
- take steps to verify retail sales information (Section I.D);
- either eliminate all current thresholds in their compensation plan—all of which are currently based on wholesale purchases—or instead base such thresholds exclusively on retail sales (Section I.F); and
- be subject to seven years of monitoring by an Independent Compliance Auditor who will report to, and can be terminated by, the Commission.

None of these provisions has any parallel in the *Bostick* Stipulation of Settlement.

Similarly, the other provisions of the proposed order in the FTC's enforcement action bear little relationship to any of the content of the *Bostick* Stipulation of Settlement.  For example,

- Section II would impose a broad prohibition on income misrepresentations;
- Section III would bar Defendants from making representations to a general audience of prospective or current participants that they can "quit your job" or otherwise lead a lifestyle that is unlikely for the ordinary Herbalife participant;
- Section IV would prohibit Defendants from making express or implied representations about the amount or level of income that a participant can reasonably expect to earn unless those representations are both truthful and supported by sufficient evidence;
- Section V requires Defendants to monitor the activities of their agents, employees, and participants for compliance with relevant Order

provisions;

- Section XI requires Defendants to create and retain records demonstrating their compliance with the Order; and

- Section XII provides the Commission with appropriate tools to monitor Defendants' compliance with the Order.

Defendants' argument implying that there is substantial overlap between the instant proposed orders and the *Bostick* Stipulation of Settlement is simply incorrect.

## II.    There Is No Possibility of Double Recovery

Defendants state that "it is likely that the same distributors who were members of the *Bostick* class will also be able to seek redress under the FTC Consent Order," implying that if the two cases were handled by different judges, there would be a possibility of double recovery or conflict between the two matters.

In fact, the *Bostick* Stipulation of Settlement specifically excludes the possibility of double recovery under any subsequent governmental action against Defendants.  Paragraph 8.5, added pursuant to an Amendment to Stipulation of Settlement (*Bostick*, Dkt. 108, filed 3/6/15), provides:

> Notwithstanding any other term of this Settlement Agreement, the Released Claims shall not be deemed to include any claims asserted against any of the Released Parties by any federal, state, or local government agency or similar authority . . . provided that such claims shall not result in or allow a double recovery for any Class Member.

In light of this provision, the FTC has asked Defendants to provide a complete list of individuals who have already received compensation under the *Bostick* settlement, to ensure that no such claimants will receive a double recovery.

Thus, Defendants are well aware that the consumer redress to be provided by the FTC will not conflict with any relief already provided in *Bostick*.

**III.  The Facts and Claims in *Bostick* Are Different from the Instant Case**

Defendants argue that "Judge O'Connell presided over the case and became 'familiar with the facts and the claims involved in [the] litigation,'" citing *Bostick*, Dkt. 145 at 29.  However, the overwhelming majority of the facts and claims addressed by Judge O'Connell in the *Bostick* litigation are simply not the same as the facts and claims in the instant case.

The differences between the two cases are starkly apparent upon review of Judge O'Connell's 60-page order granting the motion for final approval of the class action settlement in *Bostick*.  The first 18 pages are introductory, setting forth allegations, procedural history, and legal standards.  The next 12 pages address class certification, which is not at issue in the instant case.  Three pages of the order are devoted to plaintiffs' claims that alleged misrepresentations in the Statement of Average Gross Compensation were material and that the packaging and handing and freight fees charged by Defendants were misleading and deceptive – and neither issue constitutes a cause of action in the FTC complaint. Approximately 26 pages of the order address miscellaneous other issues such as attorney's fees, the risks of litigation, the experience and views of class counsel, and the reasonableness of the monetary reward and corporate "reforms."

The one portion of Judge O'Connell's order that does arguably overlap with a cause of action in the FTC case is the court's discussion of the "endless chain scheme claim," which constitutes only about one and one-half pages of her *Bostick* order approving class action settlement.

//

//

//

//

# CONCLUSION

In light of the significant differences between the instant case and the *Bostick* case, the Commission submits that there is no necessity for transfer and no danger of "substantial duplication of labor." The Commission of course defers to the Court's discretion, but wishes the record to be clear regarding the sizable differences between the two cases.


Dated:  July 18, 2016                              _____/s/_____

JANET AMMERMAN
CHRISTINE M. TODARO
DANIEL O. HANKS
LAURA SOLIS

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION